# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2325 | **DATE** | 6/20/2011 |
| **CASE TITLE** | Karla Blumenberg vs. Chicago Board of Education | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, defendant Chicago Board of Education's ("Board") "Motion for Dismiss Complaint" [15] is denied. The Board is to file an Answer to the complaint by July 6, 2011. The parties are to file a Federal Rule of Civil Procedure Form 52 by July 13, 2011. A status hearing is set for July 19, 2011, at 9:00 a.m. for entry of a scheduling order.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

On April 6, 2011, plaintiff Karla Blumenberg ("Blumenberg") filed a complaint against the Chicago Board of Education ("Board").[1] (Dkt. No. 1.) Along with the complaint, Blumenberg filed an application for leave to proceed *in forma pauperis* ("IFP") and a supporting financial affidavit (Dkt. No. 4), as well as a motion for appointment of counsel (Dkt. No. 5). The court denied Blumenberg's motion for appointment of counsel but granted her application for leave to proceed IFP. (Dkt. No. 6.) Blumenberg's complaint subsequently was docketed on April 21, 2011. (Dkt. No. 9.)

In her complaint, Blumenberg brings claims against the Board under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of her constitutional rights, in addition to other state law claims. Specifically, Blumenberg alleges that the Board "failed to intervene to protect [her] from violation of [her] civil rights by one of more other defendants" and "violated [her] constitutional right to due process, [and] took actions against [her] which involved harassment, defamation of character, false allegations, and emotional distress." (Compl. ¶ 6.) In support of these claims, Blumenberg alleges the following facts:

> On the morning of February 22, 2008 I was present at Henry O. Tanner Elementary School located at 73rd and Evans on the Southside of Chicago. I was assigned as the school social worker at Tanner School as well as Theophilus Schmid School. The CPS Office of Specialized Services (Social Work Dept.) sent my manager at that time, LaWanda Dooley, to Tanner School to investigate allegations and false accusations from the principal of Theophilus Schmid Elementary School, Debra Williams. I was terminated from my employment with the Chicago Public Schools as a result of an email of false allegations from

---

[1] Blumenberg's complaint also identifies Debra Williams and LaWanda Dooley as defendants (*see* Compl. ¶ 4), but these defendants are not listed in the case caption and, based on this court's review of the docket, they have not yet been served in this case.

Principal Debra Williams and a false report of insubordination sent by Social Work Manager LaWanda Dooley to the Chicago Public Schools Labor Relations Department.

(*Id.* ¶ 10.)

Currently before the court is the Board's "Motion to Dismiss Complaint" (Dkt. No. 15). According to the Board, Blumenberg's claims are barred by the statute of limitations and accordingly should be dismissed. The court, however, disagrees that a dismissal of Blumenberg's claims is appropriate at this time.

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the complaint need not contain "detailed factual allegations," "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in [her] favor." *Id.*

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., L.P.*, 559 F.3d 671, 674 (7th Cir. 2009). Such a dismissal, however, "is appropriate when the plaintiff pleads [her]self out of court by alleging facts sufficient to establish the complaint's tardiness." *Id.* at 674-75.

In this case, Blumenberg's complaint does not plead any facts related to the alleged date of her termination. Instead, the Board relies on its June 27, 2010 termination letter to Blumenberg, which the Board attaches to its Motion, to demonstrate that Blumenberg's claims are barred by the statute of limitations. Typically, on a Rule 12(b)(6) motion the court does not consider documents outside the pleadings. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Although court's recognize a "narrow exception" for "[d]ocuments attached to a motion to dismiss [that] are referred to in the plaintiff's complaint and are central to [her] claims," *id.*, this court does not find that this limited exception applies here. Blumenberg's complaint does not refer to the termination letter, and even though Blumenberg's claims are related to her termination, neither the termination letter nor its contents are central to Blumenberg's claims. The court therefore finds that it cannot consider the June 27, 2010 termination letter in ruling on the Board's Motion. Because the Board has raised no other arguments for dismissal of Blumenberg's claims, the Board's Motion to Dismiss (Dkt. No. 15) is denied.

The court emphasizes, however, that even though the Board's arguments are premature at the motion to dismiss stage, the Board nonetheless may present its statute of limitations argument to the court as a Federal Rule of Civil Procedure 56 motion for summary judgment.

*James F. Holderman*